# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE:

DENISE PAYNE,

    Plaintiff,

v.

BOCA POWERLINE FEE LLC,

    Defendant.

_____/

## COMPLAINT

Plaintiff, DENISE PAYNE, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues BOCA POWERLINE FEE LLC, (hereinafter "Defendant"), and as grounds alleges:

### JURISDICTION, PARTIES, AND VENUE

1. This is an action for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, *et seq.*, (the "Americans with Disabilities Act" or "ADA").

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq.* pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. Plaintiff, DENISE PAYNE, is an individual over eighteen years of age, residing in Florida, and is otherwise *sui juris*.

4. At all times material, Defendant, BOCA POWERLINE FEE LLC, owned and operated the commercial buildings located at 21077 Powerline Road, Boca Raton, Florida, 33433, (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Palm Beach County, Florida.

5. At all times material, Defendant, BOCA POWERLINE FEE LLC, was and is a Foreign Limited Liability Company, registered to do business in the State of Florida, with its principal place of business in Chestnut Ridge, New York.

6. Venue is properly located in the Southern District of Florida because Defendant's Commercial Property is located in Palm Beach County, Florida, Defendant regularly conducts business within Palm Beach County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Boca Raton, Florida.

FACTUAL ALLEGATIONS

7. Although over thirty (30) years have passed since the effective date of Title III of the ADA, Defendant has yet to make its facilities accessible to individuals with disabilities.

8. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continues to discriminate against people who are disabled in ways that block them from access and use of Defendant's business and property.

9. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

10. Plaintiff, DENISE PAYNE, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff uses a wheelchair to ambulate. Plaintiff also has very limited use of her hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. She is limited in her major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

11. Ms. Payne is a staunch advocate of the ADA. Since becoming aware of her

rights, and their repeated infringement, she has dedicated her life to this cause so that she, and others like her, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers in violation of the ADA.

12.     She is often frustrated and disheartened by the repetitiveness of the complaints she is forced to make to employees and management at different places of public accommodation over thirty (30) years after the legislation of the ADA, to no avail. Ms. Payne is accordingly of the belief that the only way to affect change is through the mechanisms provided under the ADA.

13.     Defendant, BOCA POWERLINE FEE LLC, owns, operates, and oversees the Commercial Property, its general parking lot/or and parking spots specific to the business therein, located in Palm Beach County, Florida, that is the subject of this Action.

14.     The subject Commercial Property is open to the public. The individual Plaintiff visits the Commercial Property and businesses located within the commercial property, to include a visit to the Commercial Property and business located within the Commercial Property on or about March 14, 2024, and encountered multiple violations of the ADA that directly affected her ability to use and enjoy the Commercial Property. She often visits the Commercial Property in order to avail herself of the goods and services offered there, and because it is approximately twenty-one (21) miles from her residence and is near other businesses and restaurants she frequents as a patron.  She plans to return to the Commercial Property within two (2) months of the filing of this Complaint, in order to avail herself of the goods and services offered at the place of public accommodation and check if it has been remediated of the ADA violations she encountered.

15.     The Plaintiff found the Commercial Property and the businesses named herein located within the Commercial Property to be rife with ADA violations.  The Plaintiff encountered

architectural barriers at the Commercial Property, and businesses named herein located within the Commercial Property, and wishes to continue her patronage and use of each of the premises.

16. The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property and businesses located within the Commercial Property. The barriers to access at the Commercial Property, and businesses within, have each denied or diminished Plaintiff's ability to visit the Commercial Property and have endangered her safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, DENISE PAYNE, and others similarly situated.

17. Defendant, BOCA POWERLINE FEE LLC, owns and/or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant, BOCA POWERLINE FEE LLC, is responsible for complying with the obligations of the ADA. The place of public accommodation where Defendant, BOCA POWERLINE FEE LLC, owns and/or operates is the Commercial Property and/or Business located at 21077 Powerline Road, Boca Raton, Florida, 33433.

18. Defendant BOCA POWERLINE FEE LLC, as landlord of the commercial property is liable for all the violations listed in this Complaint.

19. Plaintiff, DENISE PAYNE, has a realistic, credible, existing, and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Commercial Property, and businesses named herein located within the Commercial Property. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination at the Commercial Property, and businesses named herein located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property

and businesses located therein, not only to avail herself of the goods and services available at the Commercial Property, but to assure herself that the Commercial Property is in compliance with the ADA, so that she and others similarly situated will have full and equal enjoyment of the Commercial Property, without fear of discrimination.

20. Defendant has discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and businesses located therein, as prohibited by 42 U.S.C. § 12182 et seq.

### COUNT I – ADA VIOLATIONS AS TO DEFENDANT BOCA POWERLINE FEE LLC

21. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 20 above as though fully set forth herein.

22. Defendant, BOCA POWERLINE FEE LLC, has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during her visit to the Commercial Property, includes but are not limited to, the following:

Common Areas

   A. Parking

i. Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: there are accessible parking spaces located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. Plaintiff had difficulty exiting the vehicle, as designated accessible parking space access

5

aisles are located on an excessive slope. Violation: there are accessible parking space access aisles located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

    B.  <u>Entrance Access and Path of Travel</u>

i. Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: there are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

ii. Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: there are changes in levels of greater than half an inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. Plaintiff had difficulty on the path of travel at the facility, as ramps do not have compliant handrails Section 4.8.5 of the ADAAG and Section 405.8 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. Plaintiff had difficulty using ramps, as they are located on an excessive slope. Violation: ramps at the facility contain excessive slopes, violating Section 4.8.2 of the ADAAG and Section 405.2 of the 2010 ADA Standards, whose resolution is readily achievable.

v. Plaintiff had difficulty using some of the curb ramps, as the slopes are excessive. Violation: there are curb ramps at the facility that contain excessive slopes, violating Section 4.7.2 of the ADAAG and Sections 405.2 and 406.1 of the 2010 ADA Standards, whose resolution is readily achievable.

**LOX N BAGEL**

    C. <u>Public Restrooms</u>

i. There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. Plaintiff could not enter the restroom without assistance, as the required maneuvering clearance is not provided. Violation: the restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. Plaintiff had difficulty using the locking mechanism on the restroom door without assistance, as it requires tight grasping. Violation: the restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. Plaintiff could not use the lavatory without assistance, as the required knee & toe clearances are not provided. Violation: there are lavatories in public restrooms without the required clearances provided, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Sections 306 and 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

v. Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructed the clear floor space. Violation: the required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. Plaintiff could not use the mirror, as it is mounted too high. Violation: the mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vii. Plaintiff could not use the toilet seat cover dispenser without assistance as it is mounted too high. Violation: there are elements provided for public use in the restroom, with controls or operating mechanisms outside the reach ranges prescribed in Sections 4.2.5, 4.2.6, and 4.27.3 of the ADAAG and Sections 308 & 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

viii. Plaintiff could not transfer to the toilet without assistance, as the required clear floor space is not provided. Violation: the required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

ix. Plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: the toilet paper dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

## RELIEF SOUGHT AND THE BASIS

23. Plaintiff requests an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff requests to be allowed to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily

achievable.

24. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs, and activities offered by the Defendant, Defendant's building, the businesses, and facilities therein; and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above.  The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA, as requested herein. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

25. Defendant has discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, Defendant continues to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

26. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled

to recover attorneys' fees, costs, and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

27. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation. The Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

28. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

29. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff's injunctive relief, including an order to alter the Commercial Property, and the businesses named herein located within the commercial property, located at and/or within the commercial property located at 21077 Powerline Road, Boca Raton, Florida, 33433, the exterior areas, and the common exterior areas of the Commercial Property, to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures the violations of the ADA.

WHEREFORE, the Plaintiff, DENISE PAYNE, respectfully requests that this Honorable Court issue (i) injunctive relief against Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or

accommodations to individuals with disabilities; (ii) an award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iii) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: May 20, 2024

                                                Respectfully submitted,

**GARCIA-MENOCAL P.L.**
*Attorneys for Plaintiff*
350 Sevilla Avenue, Suite 200
Coral Gables, Fl 33134
Telephone: (305) 553-3464
Primary E-Mail: bvirues@lawgmp.com
Secondary E-Mails: amejias@lawgmp.com
aquezada@lawgmp.com; jacosta@lawgmp.com

By: ___/s/ Beverly Virues_____
      BEVERLY VIRUES
      Florida Bar No.: 123713
      ARMANDO MEJIAS
      Florida Bar No.: 1045152

**THE LAW OFFICE OF RAMON J. DIEGO, P.A.**
*Attorneys for Plaintiff*
5001 SW 74th Court, Suite 103
Miami, FL, 33155
Telephone: (305) 350-3103
Primary E-Mail: rdiego@lawgmp.com
Secondary E-Mail: ramon@rjdiegolaw.com

By: ___/s/ Ramon J. Diego_____
      RAMON J. DIEGO
      Florida Bar No.: 689203